IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| CHADRON LYLE GUTSCHOW, | ) | CASE NO. BK09-82064-TLS |
| | ) | |
| Debtor(s). | ) | CH. 11 |

## ORDER

Hearing was held in Omaha, Nebraska, on March 29, 2010, on Manheim Automotive Financial Services, Inc.'s motion for leave to file a proof of claim out of time (Fil. #46) and resistance by Wells Fargo Bank, N.A. (Fil. #50). David Hicks appeared for the debtor, David Koukol appeared for Manheim Automotive Financial Services, Inc., and David Skalka appeared for Wells Fargo Bank, N.A. The parties have now filed post-hearing briefs, and the matter has been submitted for decision.

The motion is granted.

Manheim provided inventory financing to the debtor's automobile sales business. The debtor personally guaranteed the note. In March 2009, Manheim obtained a judgment against the debtor on the note in the amount of $253,099.24, plus pre-judgment interest accruing on the principal at the rate of 5.25% per annum and post-judgment interest accruing on the principal at the rate of 12% per annum. The judgment was transcribed and attached as a lien to the debtor's real estate. The debtor's amended plan of reorganization identifies Manheim's claim as an impaired secured claim, proposing to avoid the lien as impairing an exemption and distribute $50,000.00 pro rata to Manheim and other unsecured creditors.

The deadline for filing proofs of claim in this case was December 1, 2009. Manheim filed its motion for leave to file a late proof of claim on January 27, 2010. The evidence filed by Manheim indicates the missed deadline was the result of an oversight in Manheim's counsel's office. Counsel's records establish that he received notice of the filing deadline, but it does not appear on his electronic calendar – where such deadlines are normally tracked – so neither he nor his assistant was aware of it. Another explanation for the oversight – considered by counsel to be more likely than error on the part of the legal staff – is that the deadline was calendared on the firm's computer system in the ordinary course of business, but a subsequent change in computer systems, with concomitant copying of electronic databases from one system to the other, caused the bit of digital data containing this bar date to disappear. Wells Fargo Bank objects to Manheim's request, arguing that it will suffer prejudice if Manheim is permitted to share in the proposed $50,000.00 distribution because it will reduce the amount available to Wells Fargo on its $188,000.00 claim.

When a party misses a deadline, the court may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The authoritative interpretation of excusable neglect under

Rule 9006 was made by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993):

> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

507 U.S. at 388. Whether the neglect of a bar date is "excusable" is a question of equity. *Id.* at 395. Equitable factors to be considered include the danger of prejudice to the debtor, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Id.*

Here, the only real issue is whether granting the motion would cause prejudice. The other factors clearly weigh in favor of granting the motion. The length of the delay, which, while nearly two months after the deadline, did not demonstrably affect the progression of the case, as the motion was filed before the initial plan of reorganization and the plan took the claim into account. In fact, the proposed treatment of Manheim's claim is the same in the initial unconfirmed plan and in the recently filed amended plan. The reason for the delay was an isolated calendaring error by Manheim's counsel. There has been no allegation that the delay resulted from bad faith.

The "prejudice to the debtor" factor has been interpreted to include prejudice to creditors and other parties in interest. *In re Papp Int'l, Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995); *In re McLaughlin*, 157 B.R. 873, 877 (Bankr. N.D. Iowa 1993). Here, Wells Fargo is the only party objecting to the motion. The basis for its objection is the decreased distribution it will receive if Manheim's claim is allowed, as both creditors are in the same class and will end up sharing pro rata with other unsecured creditors. However, "the loss of a dividend by the creditors would not be prejudice. The court does not consider other creditors' receipt of lower dividends or no dividends as prejudice if this result is warranted by the facts and law." *McLaughlin* at 877. *See also In re Brown*, 159 B.R. 710, 716 (Bankr. D.N.J. 1993) (agreeing with caselaw holding that there is no prejudice when all the parties can be placed in the same situation that they would have been in if the error had not occurred). Wells Fargo had no reasonable expectation of a larger dividend, because Manheim's claim was always part of the debtor's plan. Permitting this claim to be filed after the deadline will not disrupt the case or prejudice any parties in interest.

Wells Fargo argues that the Eighth Circuit Court of Appeals, like the Supreme Court in *Pioneer*, has taken the position that "upheaval" in a law office does not constitute excusable neglect. *Harlow Fay, Inc. v. Fed. Land Bank of St. Louis (In re Harlow Fay, Inc.)*, 993 F.2d 1351 (8th Cir. 1993). In *Pioneer*, the upheaval involved counsel's withdrawal from his former law firm and lack of access to his case file for a period of time. In *Harlow Fay*, the upheaval was counsel's office relocation to another state and his reduction of staff for financial reasons. In *Harlow Fay*, however, the late-filed brief at issue capped a series of missed deadlines, beginning with an untimely plan modification that resulted in the case's dismissal, continuing through numerous extensions of time

to file a brief on the appeal of the dismissal order, and culminating with the filing of the brief on a date later than what had been requested or granted. The present case is distinguishable because, by all indications, this was a singular incident. Manheim's counsel has not run afoul of other deadlines in this case. Whether the missed deadline was the result of human error or a computer glitch, it is the type of mistake that falls within the safe harbor of excusable neglect.

IT IS ORDERED: Manheim Automotive Financial Services, Inc.'s motion for leave to file a proof of claim out of time (Fil. #46) is granted.

DATED: April 19, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
*David Koukol
David Hicks
David Skalka
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.